UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DENNIS O'NEAL LEE                                                                         PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 1:15CV203-LG-RHW

CHRISTOPHER EPPS et al
                                                                                      DEFENDANTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

This matter is before the undersigned on Defendant Centurion's motion to dismiss. Doc. [58]. Plaintiff Dennis O'Neal Lee, proceeding *pro se* and *in forma pauperis*, has filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging, among other things, an unconstitutional delay in medical care during his incarceration at South Mississippi Correctional Institution. Centurion currently is the medical care services provider at the facility. In its motion to dismiss, Centurion argues that Plaintiff failed to assert any factual allegations against it. On April 12, 2017, subsequent to the filing of the motion to dismiss, the undersigned conducted a screening hearing. *See* Minute Entry (4/12/17); Doc. [75].

## Law and Analysis

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Doe v. Dallas Indep. School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002).

Although Plaintiff's complaint contains very few allegations relating to Centurion, he provided additional details at the screening hearing. Plaintiff stated that he sued Centurion because it does not have a policy or procedure for off-site specialty care. Doc. [75] at 37-38. He further explained that Centurion lacks a policy to prevent delays in medical care and that it has a practice or custom of delaying inmate medical treatment. *Id.* at 55-56. Liberally construed, Plaintiff is alleging that Centurion's practice or custom of delaying inmate medical treatment and failure to provide specialty care resulted in a delay of treatment for his medical conditions.

Centurion is a private corporation but nevertheless it may be sued under § 1983 by a prisoner who has suffered an alleged constitutional injury. *See Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Although not subject to vicarious liability for the constitutional torts of its employees, a private corporation such as Centurion may be held liable under § 1983 when an official policy or custom of the corporation causes, or is the moving force behind, the alleged deprivation of federal rights. *See Rouster v. County of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014); *Rice ex rel. Rice v. Correctional Medical Servs.*, 675 F.3d 650, 675 (7th Cir. 2012); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). A delay in medical care may, under certain circumstances, state a claim for constitutionally inadequate medical care. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Plaintiff alleges that Centurion's policies, practices, and customs caused a delay in medical care. In essence, he is asserting that Centurion's custom or policy was the moving force behind his injury. The undersigned finds that Plaintiff's allegations regarding Centurion's policies, practices, and customs are sufficient to overcome Centurion's Rule 12(b)(6) motion. The Court has set a deadline for filing dispositive motions. Hence Centurion will have the opportunity to challenge Plaintiff's claims in a motion for summary judgment.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Centurion's [58] Motion to Dismiss be DENIED.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 22nd day of May, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE